IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT COURT
MIDDLE DIVISION

| | |
|---|---|
| AUSTON MORGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 4:12-CV-03849-KOB |
| WAYNE FARMS, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Defendant Wayne Farms, LLC's "Motion to Dismiss." (Doc. 19). Wayne Farms argues that the court should dismiss Plaintiff Auston Morgan's Amended Complaint as untimely because it was filed more than ninety days after the Equal Employment Opportunity Commission issued Mr. Morgan his right to sue letter and because the Amended Complaint does not relate back to the original Complaint. The court finds Wayne Farms's arguments unpersuasive and DENIES the motion to dismiss.

In his original Complaint, Mr. Morgan alleged two causes of action against Wayne Farms: discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* and discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.* Mr. Morgan alleges that his supervisor Daniel Corkran "repeatedly made derogatory comments to [him] and co-workers about [his] age and disability." (Doc. 1, at 3). The Complaint goes into detail about several instances of this conduct and specific comments that Mr. Corkran made to Mr. Morgan while Mr. Morgan was working as a maintenance worker at the Defendant's Albertville facility. Mr. Morgan asserted that but for his age and disability, Morgan Farms would

1

not have terminated him.

Mr. Morgan filed his Amended Complaint with leave from this court and timely within the court's Scheduling Order. (Doc. 18). In his Amended Complaint, Mr. Morgan replicates his original Complaint with the exception of two additional paragraphs and an additional count for harassment under both the ADA and the ADEA. (Doc. 17). Those two additional paragraphs alleged that Mr. Morgan reported the comments Mr. Corkran made to him to management, including Maintenance Manager Jerry Bevel and that Mr. Corkran did not cease harassing him about his age and disability. (Doc. 17, at 4). The Amended Complaint also alleged for the first time that Mr. Bevel threatened to terminate Mr. Morgan if he worked outside of his work restrictions and that Mr. Corkran told other employees to complain if Mr. Morgan caused them problems so that Mr. Corkran could "send him home." *Id.*

Defendant Wayne Farms argues that these two additional factual paragraphs and additional claim for harassment under the ADA and ADEA do not "relate back" to the date of the filing of the original Complaint and are time barred because the Amended Complaint was filed more than ninety days after the EEOC issued Mr. Morgan a right to sue letter. Mr. Morgan's original EEOC Charge and Supplemental EEOC Charge allege discrimination *and harassment*, discussing Mr. Corkran's frequent discriminatory remarks to him about his age and disability. (Doc. 19, at 12). Wayne Farms does not dispute that Mr. Morgan's original Complaint was timely, and Mr. Morgan does not dispute that if the Amended Complaint does not relate back to the time of filing of the original Complaint, then it is untimely. Thus, the only issue before the court is whether the Amended Complaint relates back to the time of the filing of the original Complaint.

Under Rule 15, an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(b). The Supreme Court has expounded on this Rule by saying that "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (citing *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259, n. 29; 6A WRIGHT & MILLER, Federal Practice and Procedure § 1497, at 85 (2d ed.1990)). "Accordingly, while amendments that expand upon or clarify facts previously alleged will typically relate back, those that significantly alter the nature of a proceeding by injecting new and unanticipated claims are treated far more cautiously." *U.S. v. Hicks*, 283 F.3d 380, 388 (D.C. Cir. 2002)(citing 6A WRIGHT & MILLER § 1497, at 84; *Bowles v. Reade*, 198 F.3d 752, 762 (9th Cir.1999)).

The two additional paragraphs contained in Mr. Morgan's Amended Complaint clearly arise out of the same conduct, transaction, or occurrence that he alleged in his original Complaint. The factual allegation about Mr. Morgan's complaint about Mr. Corkran's behavior to Mr. Bevel would not exist but for the alleged complained-about behavior plead in the original Complaint. The relationship between the original allegations of discrimination under the ADA and the ADEA and the amended additional allegation of harassment under those same statutes makes the original and amended claims a part of a "common core of operative facts." *Mayle*, 545 U.S. at 659. Mr. Morgan's Amended Complaint "expands upon" the facts alleged in the EEOC charge original Complaint by adding the allegation of complaint to Mr. Bevel about Mr. Corkran's behavior and by further alleging Mr. Corkran's discriminatory actions and harassment.

*See Hicks*, 283 F.3d at 388. Additionally, Wayne Farms was put on sufficient notice of Mr. Morgan's potential discrimination and harassment claims in the EEOC charges and original Complaint, in which he complained of the constant occurrence of Mr. Corkran harassing and discriminating against him for his age and his disability.  No allegations in the amended Complaint should have surprised the Defendant or left it unprepared to defend the case as amended. *See Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 149 n. 3 (1984)("The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.").

In his Amended Complaint, Mr. Morgan sought to allege a claim of harassment based on the same facts in his original Complaint and add to the factual claims and theories already plead in his original Complaint. Thus, the Amendment Complaint relates back to November 13, 2012, the time of the filing of the original Complaint. November 13, 2012 is within ninety days from the date that Mr. Morgan received his right to sue letter, and thus the Amended Complaint is timely. Accordingly, the court DENIES Defendant Wayne Farm's motion to dismiss.

DONE and ORDERED this 8th day of April, 2013.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE